## GREAT WESTERN RAILROAD COMPANY OF 1859

### *v.*

## THE CITY OF DECATUR.

1. PRACTICE — *objection to evidence — when it must be interposed.* In a proceeding against a railroad company for violation of a city ordinance, prohibiting railroad companies from obstructing traveled railroad crossings by leaving their cars thereon, a witness testified as to a certain street being a traveled railroad crossing, used by teams and travel. No point was made on the trial in the court below as to the existence or public character of the street. The witnesses spoke of it as such, and no proof of dedication was necessary. Had the objection been made the proof might have been supplied. It is too late to make it on error.

2. RAILROADS — *obstructing public crossings in cities in violation of an ordinance.* The Great Western Railroad Company of 1859 was prosecuted for a violation of an ordinance of the city of Decatur, prohibiting such companies from allowing their engines, machines or cars to stand or remain on a traveled railroad crossing used by teams and travel passing and repassing, to the hindrance and detention of the same. It appeared that cars of the company were left standing on a switch, leaving a space between them of only ten or twelve feet at the crossing, and also a car on another switch standing opposite this open space, and only about twelve feet therefrom. That a steady team might have passed through between the cars, but it would have been dangerous to have attempted to do so with a scary team. *Held,* that the offense was made out. The design of the ordinance was a good one and it should be upheld. The traveling public cannot be put in peril by such negligence; they have a right to have their public and used crossings free and clear of obstructions, and not to be crowded into a narrow space of twelve feet or less, through which none but a gentle team could pass in safety.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. CHARLES EMERSON, Judge, presiding.

The facts of this case are fully presented in the opinion of the court.

Messrs. NELSON & ROBY, for the plaintiffs in error.

Mr. A. B. BUNN, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This was an action brought by the city of Decatur against the Great Western Railroad Company of 1859, for a violation of the following ordinance: Sec. 2. No railroad engine, machine, car or cars, shall be permitted to stand or remain on a traveled railroad crossing used by teams and travel, passing and repassing, to the hindrance and detention of the same at any time, under a penalty of twenty-five dollars for each period of fifteen minutes of such detention or hindrance.

The action was brought before a justice of the peace, on the complaint of Henry Churchman, and taken by appeal to the Circuit Court, where a judgment was entered against the company for twenty-five dollars and costs.

The proof in the cause, as appears by the bill of exceptions, was, that on or about the ninth day of October, 1863, the prosecutor, Churchman, passed over the railroad where it crosses Morgan street in the city of Decatur, on his way to dinner, about twelve o'clock M.; at that time there were cars standing on the track on both sides of the street, and extending on to the street some distance, so that there was not more than ten or twelve feet left in the middle of the street for teams to pass through between the cars; that on his return from dinner one hour or an hour and a half afterwards, the cars were still standing in the same position; that he stopped at Haworth's warehouse south of the railroad, and while there, a team drove up to within eighty feet of the railroad; was a man in the wagon; he did not get out, nor appear to have any business at the warehouse; he stopped some fifteen minutes, turned and went west on another street parallel with the railroad.

Another witness stated, a gentle team might have passed through this opening between the cars, but it would have been dangerous to attempt to drive a scary team through; that about half-past one or two o'clock in the afternoon of the ninth of October, he noticed a team drive up opposite the warehouse some eighty feet from the railroad, and corroborates the statement of Churchman as to what he did. This witness states the

cars remained on the track as stated, until three or four o'clock in the evening; they were standing on the Haworth switch, which was south of the main track. There was another switch called the Martin switch, north of the main track passing across Morgan street; that during a portion of the afternoon of that day there was a car standing on the Martin switch, immediately north of and opposite the vacant space on the Haworth switch; that the switches were ten or twelve feet apart, and that a team might have gone through between the cars by turning.

It is now assigned for error, that the court found that Morgan street was a traveled railroad crossing used by teams and travel, in finding that any hindrance and detention to teams and travel was occasioned by any obstruction, in finding that a detention of fifteen minutes occurred, and in rendering judgment against the defendant.

No point was made in the court below as to Morgan street being a traveled railroad crossing used by teams and travel. The witnesses spoke of it as such, and no proof of dedication was necessary. Had that objection been made, the proof might have been supplied. It is too late to make it here. It was taken for granted on the trial below.

The detention of one team fifteen minutes or more, and the necessity occasioned that it should take another route, by reason of the cars obstructing the road, is abundantly proved. The traveling public cannot be put in peril by such negligence as is shown on the part of the railroad. They have a right to have their public and used crossings free and clear of obstructions, and not be crowded into a narrow space of twelve feet or less, through which none but a gentle team could pass in safety.

The design of the ordinance was a good one, and it ought to be upheld. These companies have, or might have, space enough in which to do all their business, without encroaching upon the rights of the public, and when they do encroach, they ought to be held to a strict accountability.

We think the court found correctly on the proof, and we affirm the judgment.

*Judgment affirmed.*