ISAAC COOK

*v.*

JOSEPH STOUT *et al.*

1.  EVIDENCE — *secondary — to prove contents of a lost deposition — in what cases allowed.*  Where a witness has died, become insane, or is kept away by the adverse party, as between the same parties, it is competent to show what such witness testified on the former examination.  *Quere :* Whether such testimony would be allowed in case, where the witness had departed the jurisdiction of the court.

2.  SAME — *when will not be permitted to prove substance of former examination.*  But in cases where all the witnesses are still living, and their testimony might be retaken, secondary evidence will not be permitted to show what such witness testified on the previous examination, merely for the reason that the second examination of such witness is less satisfactory than the first.

APPEAL from the Superior Court of Chicago.

This was a bill in chancery, originally filed in the Circuit Court of LaSalle county, by the appellant, Isaac Cook, against the appellees, Joseph Stout, Mary E. Stout, James Cotton and Henry G. Cotton, praying that a sheriff's deed to Henry G. Cotton, for certain premises, be set aside.  The court rendered a decree setting aside such deed, and appointed a special master to take testimony in relation to the waste committed on the premises.  From this decree an appeal was prosecuted to this court, and the decree affirmed.  Testimony was then taken

in relation to the waste done, and subsequently the case was taken, by a change of venue, to the Superior Court of Chicago. In this court, on final hearing, a decree was rendered in favor of complainant, for $2,706.47; to reverse which the case is again brought to this court by appeal.

Mr. J. D. Caton, for the appellant.

Mr. W. T. Burgess, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

This case was referred to a master, to take an account of rents and waste, and the depositions of William and Frank Collison, Robert McDonald and John Hise were taken on behalf of the complainant, and the case then adjourned to the 9th of October, when the defendant was to produce his witnesses. On that day the parties again appeared, by their solicitors, and it was found that the depositions already taken had been mislaid or accidentally destroyed. The solicitor for the defendants then stated, as there was no evidence to be controverted, he should offer none, whereupon the solicitor of complainant insisted upon proving the contents of the depositions already taken. The defendant's solicitor objected to this and withdrew, and the master took the depositions of three witnesses, proving the contents of the missing depositions. After the master's report came in, the defendant moved to suppress these depositions, and the court made an order which, though not very explicit in its terms, we must regard as suppressing them, and directed a further reference to the master, for the purpose of retaking the lost depositions, or, if that could not be done, in consequence of the death or absence of the witnesses, of proving their contents. On this reference three of the witnesses whose depositions had been lost, were re-examined, and their evidence, together with that of certain

witnesses examined by the defendants, was reported by the master. The case came on for a hearing, and the court rendered a decree against the defendant for $2,706.47, from which the defendant appealed.

We do not perceive upon what evidence this decree can be sustained, unless upon the proof of what was contained in the lost depositions. Indeed, it is conceded, by the counsel of appellee, if this proof is taken away the decree must fall, and he urges that it may properly be considered. But this position is wholly untenable. Where a witness has died, or become insane, after his evidence has been taken, or is kept from attendance by the adverse party, it is permissible to prove, as between the same parties, what such witness testified on the former examination. The same thing has been sometimes allowed, where the witness has gone beyond the jurisdiction of the court, though upon this point the authorities are contradictory. But in the case at bar, none of these contingencies had occurred. Three of the witnesses were actually re-examined, and it does not appear that the fourth might not have been. We do not think any precedent can be found for allowing this species of secondary evidence under such circumstances, merely upon the suggestion made by counsel in the case, that the testimony of the witnesses, on a re-examination, is variant from that given on the first examination, or less explicit. If there is contradiction, on which occasion is the witness to be supposed to have spoken the truth? Doubtless, on a re-examination, if the memory of the witness has failed him, it may be refreshed by a reference to his former testimony, but such testimony is not to be made the subject of independent proof by the party who has called the witness, merely because the second examination of such witness is less satisfactory than the first.

This decree must be reversed, and the amount of rents and waste must be determined without reference to this secondary evidence.

*Decree reversed.*