In 1872 the plaintiff was the owner of lot T in square 464, on the south side of Virginia avenue, between Sixth and *393 Seventh streets, in the city of Washington. The improvements on the lot consisted of a frame house and a one-story brick store. The Potomac Railroad Company was authorized by several acts of Congress to extend its track into the District of Columbia, and along Virginia avenue, for the purpose of running its trains and cars. In the spring of 1872 the railroad company laid three tracks on .said avenue, between Sixth and Seventh streets, consisting of one main track and two sidings, and began to run its trains on said main track, and to use the sidings to load and unload freight continuously thereafter. The plaintiff brings his action to recover damage from the company, occasioned by the unreasonable use of said avenue in such loading and unloading of freight cars in that part of the avenue fronting on his said property.
On the trial of the cause the plaintiff introduced evidence tending to show that the merchandise so loaded and unloaded at said place was of almost every descriptioh; that the freight was delivered into carts, furniture and other wagons; that often there was an accumulation of wagons for the purpose of unloading, especially when vegetables were so unloaded; that this sometimes happened to such an extent as to obstruct the travel on the avenue, and divert the travel from it to other routes.
The plaintiff also introduced evidence to show the value of the property previous to the use by the company of said tracks for a freight delivery, and that the use of said avenue had been such as to damage the value of said property.
The plaintiff also offered to prove by certain witnesses, residiug near the locality and acquainted with the value of property in that section of the city, that, in their opinion, by the presence of the railroad on said avenue, together with all the actual uses of said railroad, said property had been depreciated in the neighborhood of fifty per cent, or sixty-seven per cent, of the value it had prior to the laying of said tracks, and that of said depreciation from thirty to fifty per *394 cent, was due to the use of said avenue for the purpose of a freight delivery.
To the admissibility of said testimony the defendant objected, but the court overruled the objection, and defendant’s counsel expected. At the close of the testimony the court, at the request of the plaintiff, gave the two following instructions to the j ury :
“If the jury shall find that from about the month of July, 1872, to the bringing of this action, or during any portion of that period, the defendant used that portion of Virginia avenue lying between Sixth and Seventh streets southwest, and upon which the plaintiff’s premises abutted, for the purpose of a freight yard or freight delivery, thereby obstructing the said avenue and diminishing the value of the plaintiff’s said property, then the plaintiff is entitled to recover in this action.”
“If the jury shall find that from about the month of July, 1872, to the bringing of this action, or during any portion of that period, the defendant occupied Virginia avenue, between Sixth and Seventh streets southwest, and in front of plaintiff’s premises, by placing thereon freight cars, and keeping the same there an unreasonable time by loading or unloading and delivering freight, and, by using the said part of the said avenue for the general purposes of a freight yard or freight delivery, obstructed the avenue or so interfered with the use of the said avenue as to diminish the value of the plaintiff’s said property, then the plaintiff is entitled to recover.”
To these instructions defendant’s counsel made objection, and exceptions were noted.
The defendant, among other instructions, requested the court to give the following:
“If the j ury believe from the evidence that there has been neither structural damage to the buildings, nor actual physical injury, nor harm to the land, and that delay to the public and to the plaintiff in passing along the avenue has been the only direct wrong caused to the plaintiff' by the matters set forth in the declaration, and that such wrong resulted in no *395 damage to the plaintiff, except conti’ibuting, ‘during the continuance of the use of the avenue in the way complained of, to the prevention of the sale of the property for what it might have been sold before the use of the avenue began, — if the jury believe these facts, then the plaintiff cannot recover in this action.” ■
James G. Payne, for plaintiff,
cited the following authorities : Tibbetts v. Haskins, 16 Me., 288 ; Swan et al. v. Middlesex, 101 Mass., 177; Clark v. Baird, 5 Selden, 183; Warren v. Wheeler, 21 Me., 484; Joy v. Hopkins, 5 Denio, 84; Kellogg v. Kranser, 14 Serg. & Rawle, 140; C. & P. R. R. Co. v. Ball, 5 Ohio St., 568; Gahagan v. R. R. Co., 1 Allen, (Mass.,) 190; The State v. Morris & Essex R. R. Co., 25 N. J., 438; Lockland v. R. R. Co., 31 Mo., 180; 34 Mo., 259; R. R. v. Decatur City, 33 Ill., 381; The State v. R. R. Co., 23 N. J., 360; Attorney-General v. R. R. Co., 4 C. E. Green, 386, 393; Tate v. R. R. Co., 7 Ind., 479 ; Protzman v. R. R. Co., 9 Ind., 467.
Enoch Totten, for defendant,filed an elaborate brief, which we omit for want of space.
This was excluded, and the defendant noted another exception.
The jury returned a verdict in favor of the plaintiff for the sum of $4,000; of this amount the plaintiff entered an order in the cause remitting $1,500, and his motion for a new trial on the minutes of the judge who presided in the court below was overruled. The cause is now before the general term upon a motion for a new trial upon the foregoing exceptions. The court being of opinion that the exceptions were not well taken, denied the motion.