# Illinois Central R. Co. v. The People, Use of Stephen R. Moore.

1. *Highways—Obstruction by Cars, etc.*—Sec. 77 of Chap. 174, R. S., which provides that no railroad corporation shall obstruct any public highway by stopping trains upon or by leaving cars or locomotives standing upon its track where the same crosses such highway, is a penal statute, which, by well established rules of construction, must be strictly construed, and in a prosecution under it, it is not sufficient to show that the company left a car standing on its track where the same intersects or crosses the public highway. It must be shown that the car or locomotive obstructed public travel.

2. *Instructions—Erroneous—Conflict of Evidence.*—Where there is a conflict in the evidence upon a material branch of the case, the giving of an erroneous instruction is sufficient ground for reversing the judgment, although it would not be so were it not for the conflict of evidence.

I. C. R. Co. v. The People.

**Memorandum.**—Action for obstructing a highway. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

WHEELER & HUNTER, attorneys for appellant.

STEPHEN R. MOORE, attorney for appellee.

OPINION OF THE COURT, HARKER, P. J.

The facts in this case are substantially the same as in number 2562, *ante* (first preceding case), between the same parties, except as to that branch of the case relating to the acts of obstructing. Appellee recovered on three counts for obstructing Hickory street crossing in Kankakee, on the 28th, 29th and 30th days of September, and judgment was entered for $150.

There was a sharp conflict in the testimony as to whether the crossing really was obstructed on those days, Mr. Moore testifying that cars stood upon the track on those days projected over upon the crossing so as to obstruct travel, while two of appellant's employes charged with keeping the crossings clear, and whose attention was called particularly to this one, testified that the cars projected over but a short distance and not so as to interfere with public travel at any time on the days mentioned.

The court instructed the jury that it was sufficient to render the railroad company liable if the proofs showed that it left any car standing on its track where the same intersects or crossed a public highway. In case of a wide street crossing, a car standing upon the railroad track may intersect the crossing without obstructing the crossing in the least. This prosecution is under a penal statute, which by a well established canon of construction, must be construed strictly. The language is: "No railroad corporation shall obstruct any public highway by stopping any train upon, or by leaving any car or locomotive engine

standing on its track when the same intersects or crosses such public highway," etc.

The purpose of the statute was to prevent the obstruction of public travel.

In view of the conflicting state of the evidence upon this branch of the case, we regard the giving of this erroneous instruction as sufficient ground for reversing the judgment. Reversed and remanded.