## Illinois Central Railroad Company v. The People of the State of Illinois, who sue for the use of Stephen R. Moore.

1. HIGHWAYS—*Obstruction of by Railroads.*—The intention of the legislature in providing that no railroad corporation shall obstruct a public highway by leaving any car or locomotive engine on its track where the same intersects or crosses such public highway, etc., was to prevent the obstruction of travel over the highway; and although a car may project slightly upon the crossing, if it does not interfere with the public use of the crossing for pedestrians and vehicles, the railroad company will not be liable under the statute.

2. EVIDENCE—*Absent Witness—Stenographer's Notes of Former Trial Not Admissible.*—Where a witness who testified upon a former trial of the case has since left the State, his testimony as taken down by the official stenographers of the court is not admissible in evidence.

3. NEW TRIAL—*Improper Remarks of Counsel.*—Where improper remarks made by counsel in his argument to the jury do not have the desired effect, they furnish no reason for reversing the judgment.

**Debt**, for a statutory penalty. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

WHEELER & HUNTER, attorneys for appellant.

STEPHEN R. MOORE, attorney for appellees.

Mr. Justice Harker delivered the opinion of the Court.

This was an action of debt brought in the name of the people to recover a penalty for the use of Stephen R. Moore, who appeared as informer, witness and attorney. It was brought with several others of the same kind against the same defendant, and was before us with two others of the series of the May term, 1893. We then reversed the judgment because of an erroneous instruction upon a matter about which there was a conflict in the testimony. 49 Ill. App. 540.

The prosecution is based upon the 77th section of chapter 114 of the Revised Statutes, which reads as follows:

"No railroad corporation shall obstruct any public highway by stopping any train upon, or by leaving any car or locomotive engine standing on its track, where the same intersects or crosses such public highway, except for the purpose of receiving or discharging passengers, or to receive the necessary fuel and water, and in no case to exceed ten minutes for each train, car or locomotive engine." Section 78 provides for a penalty of not less than $10 nor more than $100 for each offense, to be recovered in the name of the people for the use of any person who may sue.

The erroneous instruction upon which we reversed the former judgment told the jury that it was sufficient to render the railroad company liable if the proofs showed that it left any car standing on the track where the same intersects or crosses a public highway. We then thought and still think that it was the intention of the legislature by this enactment to prevent the obstruction of public travel over the highway. Although a car may project slightly upon the highway crossing if it does not in the least interfere with the public use of the crossing for pedestrians and vehicles, the railroad company is not liable under this highly penal statute.

We know from common experience that some portions of wide street crossings made through cuts are not used and are wholly unfit for use by the public. To impose the penalty named upon any engineer or conductor leaving a car

standing upon such a portion of the public highway when it did not in the least interfere with public travel, would do violence to the evident purpose of the statute.

We are asked to reconsider our former opinion and hold that the statute is violated if a car is left upon the track so that it projects over upon the highway whether it interferes with the use of the street for travel or not. The first definition given by Webster of the word obstruct is, "To block up, to stop up or close as a way or passage; to fill with obstacles or impediments that prevent passing." This is the ordinary sense in which the term is used. We think it the proper one to apply in the construction of this statute, and do not care to modify our views as expressed in the former opinion.

Counsel for appellant are in error, however, when they say that the court gave the identical instruction upon which the former judgment was reversed. The language of the instruction held bad by us was: · "It is sufficient to render the defendant liable if the evidence shows that the defendant left any car or cars standing on its track where the same intersects or crosses such public highway at the times mentioned in the declaration, except for the purpose of receiving or discharging passengers, or to receive the necessary fuel and water, and in no case to exceed ten minutes for each train, car or engine." The language of the instruction now complained of and said to be identical with the above, reads:

"If you further believe from the evidence that the servants and employes of the ·defendant railroad company obstructed said public highway by leaving cars or a car standing on its tracks, where the track intersects or crosses said Hickory street, at the times mentioned in the declaration, and that the cars were not standing there for the purpose of receiving or discharging passengers, or to receive necessary fuel and water, then the railroad company is liable and you will find for the plaintiff for each offense proven by the evidence, such a sum as you may think proper, not to exceed one hundred dollars, nor less than ten dollars for each offense so proven."

In the first of the above quoted instructions the word "obstruct" does not appear. By it the jury were told that the defendant was liable if it left a car standing on its track where it intersected the highway. Under it they could find against the railroad company whether the car obstructed the highway or not. An intersection does not necessarily amount to an obstruction under this statute, which, as we hold, was designed to prevent obstruction to travel.

We see nothing wrong with the instructions except that they are headed "For the People" and "For the Plaintiff, the People." This is a pernicious practice and has several times been condemned by our Supreme Court, but is not sufficient ground for reversing a judgment.

Upon the trial appellant offered to introduce through the official stenographer, the testimony of a witness named Avery, who testified upon the former trial, but who was at the time absent in the State of Colorado. Such offer was accompanied by the affidavit of W. R. Hunter, attorney for appellant, to the effect that Avery was a material witness upon the former trial; that until the Monday immediately preceding the trial he had been unable to ascertain the whereabouts of Avery, when he learned that he was at Rico, Colorado; that he at once telegraphed for him and received a reply that Avery would start for the place of trial as soon as he could be relieved from duty, but had not yet arrived. But the court refused to allow the testimony of Avery to go to the jury. This, it is contended, was error. The question has not been directly passed upon by the Supreme Court of this State so far as we are advised, and upon it there is a conflict in the authorities elsewhere. 1 Greenleaf, Secs. 63 and 64 and notes; Cook v. Stout et al., 47 Ill. 530.

In Cassidy et al. v. Trustees of Schools, 105 Ill. 560, it is intimated that such testimony is not proper where the party offering it has had an opportunity to take the deposition of the absent witness.

In this case we think appellant should have notified the court, before going to trial, of the condition of matters relative to the witness Avery, and exhibited an affidavit

similar to the one presented in support of an application for continuance or a stay of the trial to such time as would enable Avery to reach there.

We think the closing remarks of attorney Moore made in his own behalf to the jury, to the effect that the defendant had had other like cases, that it would appeal from the judgment which would be rendered, that he wanted a verdict for $300, etc., etc., was entirely out of place, but as they did not have the effect sought, and a verdict for only $120 was rendered on all the counts, there is no reason for reversing the judgment on that ground.

We see no substantial error in the record.    Judgment affirmed.