## Chicago & Alton R. R. Co. v. People, etc., for Use of, etc.

82   679
d95   ²145

1.   HIGHWAYS—*Obstruction by Cars—Former Decision Explained.*—The decision (Ill. Central R. R. Co. v. The People, 49 Ill.  App. 540) that leaving a car on a railroad track at the intersection of a highway is not a violation of Sec. 14, Par. 83, Ch. 114, S. & C., unless it is an obstruction of public travel, does not hold that there must have been persons actually present desiring to cross, who were prevented from doing so by reason of such obstruction, but only that the car or cars must have been so situated in reference to the highway as to have presented an obstruction to persons desiring to cross, had there been any such persons there at the time.

2.   VERDICTS—*Under Penal Statutes—Where Each Count is for a Separate Penalty.*—Where each count in a declaration under a penal statute is for a separate penalty, and the statute fixes a maximum beyond which the jury must not go, it is the best practice for the jury to specify by their verdict the penalty they assess under each count upon which they find for the plaintiff.   A gross verdict ought not to stand unless it clearly appears that the jury did not, under any count, exceed the maximum penalty provided by law.

3.   SAME—*In Civil Actions.*—In a civil action in debt the rule applicable to civil rather than to criminal cases applies, and the verdict should be sustained unless there are informalities rendering it so uncertain that it is absolutely void.

Debt.—To recover statutory penalties for obstructing a highway. Trial in the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding.   Verdict and judgment for plaintiff; appeal

by defendant.    Heard in this court at the December term, 1898.
Affirmed.    Opinion filed May 19, 1899.

C. C. & L. F. Strawn and Antoinette Funk, attorneys for
appellant.

H. H. McDowell, attorney for appellees.

Mr. Justice Higbee delivered the opinion of the court.

This is an action of debt brought to recover statutory
penalties for obstructing certain public highways in the
city of Pontiac.

The sections of the statute under which the action was
brought are as follows:

"No railroad corporation shall obstruct any public high-
way by stopping any train upon or leaving any car or loco-
motive engine standing on its track, where the same
intersects or crosses such public highways, except for the
purpose of receiving or discharging passengers or freight,
or for taking in or setting out cars, or to receive the necessary
fuel and water, and in no case to exceed ten minutes for
each train, car or locomotive engine."  Sec. 14, Par. 83,
Chap. 114, Starr & Curtis' An. Stat.

"Every engineer or conductor violating the provisions of
the preceding section shall, for each offense, forfeit the sum
of not less than ten dollars, nor more than one hundred dol-
lars, to be recovered in an action of debt, in the name of the
People of the State of Illinois, for the use of any person
who may sue for the same, and the corporation on whose
road the offense is committed shall be liable for the like
sum."   Sec. 15, Par. 84, Chap. 114 Id.

The declaration contained seventeen counts, which were
similar to each other in general form.   Each alleged that
appellant, on a certain day, stopped a certain engine with a
large number of cars attached thereto in, upon and across a
certain public street and highway in said city of Pontiac,
so that the same was wholly blocked and obstructed for a
long space of time, to wit, for the space of more than ten
minutes, contrary to the form of the statute in such case
made and provided.

The counts differed only as to time and place, and the

name of the street alleged to have been obstructed. The jury found the defendant guilty upon the second, fourth, fifth, sixth, seventh and eighth counts, and fixed the penalty at the sum of $120. Motions for a new trial and in arrest of judgment having been overruled, judgment was entered for the amount of the verdict and an appeal taken by the defendant below to this court.

It is urged that the court erred in overruling the appellant's motion for a new trial, upon each and every of the reasons given in writing in support of said motion. As there were thirty-four reasons given by appellant in support of his motion, we can not be expected to consider them all here, but will content ourselves with referring to several of the more important.

The first is that the verdict is not supported by the evidence. The witness H. H. McDowell swears positively to the obstruction of the several streets upon the occasions and for the length of time set forth in the several counts upon which defendant was found guilty, and he is corroborated to some extent by two other witnesses. The defendant, while producing other evidence tending to contradict the statements of McDowell as to one or two occasions, relied mainly upon the evidence of one Gray, its train dispatcher, whose duty it was to look after the movement of trains on the Chicago division of the appellant's railroad from Bloomington to Chicago. This witness had no personal knowledge of the matter in controversy and was not in Pontiac at the several times the obstructions were alleged to have occurred, but relied for his information upon certain "train-sheets" which were made up in his office and purported to give a detailed statement of the arrival of trains at Pontiac and their departure therefrom, during the days in question. These "train-sheets" are not contained in the bill of exceptions, but certain statements read from them by the witness are included in his testimony. The "train-sheets," so far as it appears from the testimony of Gray, fail to show any trains, such as those described in the declaration, located in Pontiac at the times testified to by McDowell. It appears,

however, that the entries on the " train-sheets " are made up from the reports received from telegraph operators along the line of road, and further, that the entries were not all made by Gray himself. The telegrams themselves were not introduced in evidence, nor was the operator at Pontiac, who sent the information concerning the trains at that place, called upon to testify in the case. It is very doubtful whether this evidence was admissible, but even if it were, being of a negative character, it could not have been so satisfactory to the jury as the testimony of witnesses who swore they were present and saw the trains obstructing the highways at the times mentioned. We can not say that the jury were not justified in finding that the allegations contained in the counts of the declaration, upon which they found defendant guilty, were sustained by a clear preponderance of the evidence. Instruction No. 3, given for the plaintiff, is as follows:

" If the jury believe from a clear preponderance of the evidence that the defendant, the Chicago & Alton Railroad Company, obstructed the several highways described in the declaration, or any one or more of them, by leaving a car or cars or a locomotive engine standing on its railroad track where said track intersects or crosses said several highways or any one of said highways, at the several times named in the several counts of the declaration, and for a period of more than ten minutes for each such obstruction, then defendant is liable," etc.

Counsel for appellant argue that this instruction is not correct, because it does not state the law to be, that persons desiring to cross the highway must have been actually prevented from so doing by reason of such obstruction before recovery can be had. It was held in I. C. R. Co. v. The People, 49 Ill. App. 540, that leaving a car on a railroad track at the intersection of a highway was not a violation of the statute in question, unless it was an obstruction of public travel. We do not understand that case to hold, however, that there must have been persons actually present, desiring to cross, who were prevented from doing so by reason of such obstruction, but only that the car or cars must have been so situated in reference to the highway

as to have presented an obstruction to persons desiring to cross, had there been any such persons there at the time. An instruction substantially similar to the one offered here, was approved by this court when the case above referred to came up the second time. (See I. C. R. R. Co. v. The People, 59 Ill. App. 256.) We think the instruction was properly given, but, in any event, it could have done no injury to appellant in this case, because there was the same evidence that there were persons at the streets desiring to cross at the time of the alleged several obstructions, that there was of the obstructions themselves.

The evidence in the case showed that the obstructions referred to in the fourth, fifth and sixth counts of the declaration, were caused at the same time by one train which extended across the three streets named in said counts. It is insisted on behalf of appellant that the obstruction of these three streets was in fact but one and the same act and constituted but one offense under the statute. The language of the statute is, " No railroad corporation shall obstruct any public highway by stopping any train," etc. The object of this statute is to prevent the obstruction of highways by railroad corporations in the manner named in the statute. We think it immaterial whether the obstruction is caused by one train extending across several highways or by several trains, one being at each highway crossing. In either instance the obstruction of each highway is, in our opinion, a separate offense under the statute.

The verdict of the jury, in this case, was as follows:

" We, the jury, find for the plaintiff for his debt the sum of $120 on second, fourth, fifth, sixth, seventh and eighth counts."

It is claimed that the verdict was erroneous, because it found the debt in an aggregate sum. Counsel insist that the verdict should have been special as to the amount and not general; that a separate amount should have been named as damages in each count upon which appellant was found guilty.

In case of an indictment under the dram-shop act, for

the sale of intoxicating liquor contrary to law, containing several counts, it has been repeatedly held by our courts that the verdict should specify the counts upon which the accused was found guilty, and that judgment should be entered separately upon each of the same. In all the cases in our reports, where this rule has been announced, a prison sentence appears to have been inflicted, and it became necessary that the term of imprisonment should be specified under each count in order that each term, after the first, might commence at the expiration of the next preceding sentence. Bolun v. The People, 73 Ill. 488; The People ex rel. v. Whitsun, 74 Ill. 20; Mullinix v. The People, 76 Ill. 211; Fletcher v. The People, 81 Ill. 116.

In this case, however, the verdict specially designated the six counts upon which appellant was found guilty, so that difficulty was obviated. Where each count in a declaration under a penal statute is for a separate penalty, and the statute fixes a maximum beyond which the jury must not go, we are of opinion that it is the best practice for the jury to specify by their verdict the penalty they assess under each count upon which they find for the plaintiff, and that a gross verdict ought not to stand unless it clearly appears the jury did not under any count exceed the maximum penalty provided by law. But this case is a civil action in debt, and not a criminal prosecution. The rules applicable to civil rather than to criminal cases apply, and the verdict should be sustained, unless there are informalities rendering it so uncertain that it is absolutely void.

The verdict in this case is not so uncertain that the intention of the jury can not be ascertained from it. The instruction as to the form of a verdict for plaintiff, given at the request of the plaintiff, directed the jury to assess in the aggregate not less than ten dollars nor more than one hundred dollars upon each and every count in the declaration found proven. As the jurors found against the defendant, we may fairly assume they would not assess under any count proven less than the lowest penalty directed. If we can assume they awarded at least ten dollars under each

of the six counts under which defendant was convicted, then the total verdict of $120 was not so large that it could have exceeded $100 under any count.

We are therefore of opinion that the informality of the verdict was not of sufficient gravity to render the same void.

As we find no reversible error in the record in this case, the judgment will be affirmed.