## Chicago & Alton R. R. Co. v. Louis Mayer, Adm.

1. PRACTICE—*What Will Not Justify the Admission of Secondary Evidence.*—The practice of allowing counsel to enter upon the trial of a case knowing that an important witness is ill and may not be able to be present, and in the midst of the trial, for the first time, to present the fact of the absence of such witness and then testify as to what such witness said upon a former trial, reading from his own abstract of such testimony, is one which this court can not approve or sustain.

**Trespass on the Case.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed October 10, 1900. Rehearing denied.

JAMES H. TELLER, attorney for appellant.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

During the progress of the trial of this case counsel for appellee stated to the court, that Mrs. Annie Leggett, who was a witness for plaintiff below on a former trial, was reported to be sick and unable to attend court. She had not been subpoenaed, but had said that she would appear at the trial if counsel should telephone to her. Counsel stated to the trial court that he knew before entering upon the trial that said witness was not well, and said, to use his language, that he "thought she could come in a carriage with more than ordinary degree of safety, and I intended to send a closed carriage at my own expense." Counsel did not inform the court or the counsel for defendant below, before entering upon the trial, nor until after the jury had been impaneled and the trial had progressed some time, that said witness was ill, although he knew it before the trial commenced. Counsel for appellee was then examined as a witness and was allowed to swear as to the testimony of said witness upon a former trial, and in so doing to read from a printed abstract of such testimony. In his objection to the admission of this testimony counsel for

appellant stated fully his reasons for thus objecting, which are again urged in this court. There is no formal objection upon the ground that counsel read to the jury from an abstract of the testimony of the absent witness, given at a former trial. This testimony was upon a material and contested question of fact.

No sufficient reason is apparent to justify the admission of that testimony. The facts, if presented in apt time, were sufficient to warrant a delay of the trial or a continuance. (I. C. R. R. Co. v. The People, 59 Ill. App. 256, 259.) But there was not such diligence shown as to justify the introduction of secondary evidence. To allow counsel to enter upon the trial of a case, knowing that an important witness is ill and may not be able to be present, and in the midst of the trial, for the first time, to present the fact of the absence of such witness, and then testify as to what such witness said upon a former trial, reading from his own abstract of such testimony, is a practice which we can not approve or sustain.

As stated in the case just cited, and so far as we are advised, this precise question has never been passed upon by the Supreme Court of this State. There may be some conflict in the decisions outside of this State, but hardly so upon a state of facts like those in the case at bar. Under the circumstances here shown the testimony should have been excluded.

This case may be tried again. Therefore we refrain from any review of the questions of fact. The judgment of the Superior Court is reversed and the cause remanded.