**The People of the State of Illinois, Appellant, v. John Collins, Appellee.**

**Gen. No. 5422.**

RAILROADS—*when liable for penalty for obstruction of highway.* A railroad company is liable for the penalty provided by statute if it obstructs a substantial portion of a highway for a period of ten minutes; an obstruction of one portion of such highway for a part of the time and another portion of the highway for the remainder of the time is to be regarded as one continuous obstruction.

Action commenced before justice of the peace. Appeal from the Circuit Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

PAUL KERZ, for appellant.

HODSON & CAMPBELL, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Section 77 of chapter 114 of the Revised Statutes, entitled "Railroads and Warehouses," contains the following provision: "No railroad corporation shall

obstruct any public highway by stopping any train upon, or leaving any car or locomotive engine standing on its track where the same intersects or crosses such public highways, except for the purpose of receiving or discharging passengers or freight, or for taking in or setting out cars, or to receive the necessary fuel and water, and in no case to exceed ten minutes for each train, car or locomotive engine.'' Section 78 of the same chapter provides that every engineer or conductor violating such provision shall, for each offense, forfeit the sum of not less than $10 nor more than $100 to be recovered in an action of debt, in the name of the People of the State of Illinois, for the use of any person who may sue for the same, and that the corporation on whose road the offense is committed shall be liable for the like sum. This was an action brought before a justice of the peace in the village of Warren, in Jo Daviess county, in the name of the People of the State of Illinois by one H. C. Puckett against John Collins, at that time a freight conductor employed by the Illinois Central Railroad Company, to recover the aforesaid penalty for an alleged obstruction to one of the public streets of said village. The justice rendered a judgment against Collins and he appealed to the Circuit Court of that county, where, upon a jury trial, he was found not guilty. A motion for a new trial was denied and judgment was entered upon the verdict, and the People prosecute this appeal.

The main line of the Illinois Central Railroad passes through the village of Warren in a northwesterly and southeasterly direction and divides the residence section and the business portion. Main street, which is the principal business street, comes up to the right of way in a diagonal direction from the northwest. Burnett avenue, which is the residence street, and appears to be really a continuation of Main street, comes up to the right of way from the southeast. The highway,

where it crosses the railroad and forms a junction between Main street and Burnett avenue, is about 75 feet wide. On the north side of this highway crossing is a cement sidewalk, about four feet wide, used by persons going on foot from Main street to Burnett avenue, and *vice versa*. That part of the highway crossing which was prepared and intended for the use of vehicles is about 36 feet wide and composed of planking. Nothing is said in the record as to any sidewalk on the south side of this highway crossing and the fair inference is that the sidewalk on the north side of this highway was the only one crossing the railroad at this point. About six o'clock in the evening of January 11, 1909, a way freight train in charge of appellee as conductor arrived at Warren and proceeded to do some switching and unloading of freight. The evidence is conflicting as to whether or not the entire train, which only consisted of eight or nine cars was placed at once on a side track, or whether part of it was left on the main track for a short time. But the evidence introduced by appellant shows clearly without any particular contradiction by appellee, that the crew of this train, under the direction of appellee as its conductor, in switching a car to the freight house for the purpose of unloading some articles of merchandise freight, left two cars in such a position that the sidewalk above described was entirely obstructed so as to be incapable of use by persons proceeding on foot over this highway crossing, and continued to be so obstructed for considerably more than the ten minutes allowed by the section of the statute above quoted. The evidence shows that this train arrived at Warren about 5:50 P. M.; that the village marshal found this sidewalk so obstructed by the cars at about 6:15 P. M.; that the marshal then continued lighting the street lights, which was a part of his duties, and after lighting four lights, went to the depot, found the railroad agent and demanded that the obstruction be removed; and that, a short time thereafter under the

direction of the agent, the freight crew moved these cars a short distance away so as to clear the sidewalk and render it open for the use of passersby. The evidence further shows that, in moving these cars so as to clear the sidewalk, the freight crew left a car directly on and obstructing the planked crossing constructed for the use of vehicles, and left the car in that position for at least twenty-five minutes, during which period of time at least one team and its driver were obliged to cross the railroad at a point between the planked crossing and the sidewalk, where there was no planking and where no provision had been made for the crossing of teams and vehicles. The evidence as to the length of time in which the sidewalk was blocked is somewhat contradictory, as several witnesses for appellee estimate the time to have been less than ten minutes. But, however that may be, we conclude that there can be no doubt, under all the evidence, but what the planked crossing was obstructed by a freight car for at least twenty-five minutes. Two witnesses for appellant stood at that point and took the time with their watches for twenty-five minutes and, when they left at the expiration of that period of time, the plank crossing was still obstructed. It seems clear to us from the evidence that a considerable portion of this highway crossing, and that portion constructed especially for the use of teams and vehicles, was obstructed on the evening in question for at least twenty-five minutes; and the only serious question in this case, remaining to be determined, is whether or not the fact that some portion of the 75 feet in width of this highway crossing was at all times open for the passage of the public should operate to excuse appellee and it should be held that appellee did not obstruct a public highway within the meaning of the statute.

In our opinion the word "obstruct" as used in the statute, should not be construed to mean an absolute

and complete stoppage of all travel, but should be considered to refer to any impediment which in any substantial way retards, hinders, impedes or embarrasses the passage of the public. The statute contemplates that the obstruction may be by a single car, and it is a matter of common knowledge that no car is as long as the width of an ordinary street. We deem it the intention of the law that the entire right of way, where it crosses a highway, shall be left open and unobstructed, and that a railroad company has no right to leave a car standing for more than ten minutes which covers any substantial portion of that highway crossing. The public have the right to use the entire width of the street. Those desiring to cross the railroad tracks on foot have a right to use the sidewalk provided for that purpose, and we deem it the intent of the law that such sidewalk shall be left entirely open at all times, except that, when loading or unloading passenger or freight or taking in or setting out cars or taking on fuel and water, a railroad company may block such sidewalk for not to exceed ten minutes. We do not consider it a reasonable construction of the law to say that the railroad company has the right to force persons travelling along the street on foot to take to the middle of the highway in case the company should desire to keep its cars over and upon the sidewalk for a considerable length of time. The same reasoning applies with at least as much force to the planked crossing provided for teams and vehicles. On account of the height of the top of the rail above the ties, the planked portion of the highway crossing is the only part of it which can reasonably be used by vehicles, and we can see no force to the argument of appellee that, so long as some part of the highway is left open, it makes no difference if the rest of the highway crossing is absolutely closed. The people have the right to use the entire width of the street and it is the duty of the railroad company to keep it

substantially clear. Great Western R. R. Co. v. City of Decatur, 33 Ill. 381. This does not conflict with the spirit of what we said in I. C. R. R. Co. v. The People, 49 Ill. App. 540, and 59 Ill. App. 256, where the proof was that the car projected but a short distance into the street, and not so as to interfere with public travel, and we said: "Although a car may project slightly upon the highway crossing, if it does not in the least interfere with the public use of the crossing for pedestrians and vehicles the railroad company is not liable." In the present case the public use of the crossing was obstructed for a space of time much longer than the statute permitted.

The second instruction given at the request of appellee is as follows:

"The court instructs the jury that if you believe from the evidence in this case that at the alleged time and place the defendant set out, or placed, a car on the west side of the crossing in question, and that subsequently the defendant moved or shifted said car to the east side of said crossing, then the jury are instructed that the length of time the said car remained on the said west side of the crossing cannot be added to the time it remained on the east side of said crossing, for the purpose of making out the statutory ten minutes."

The obstruction was a car, and if the car obstructed one part of the street and then was moved so as to obstruct another part of it, even clearing entirely the portion which was first obstructed, we do not see why such act was not a continuous obstruction. During all the time the car stood in the highway, whether in one part of it or in another, the full and free passage of the public was obstructed, and we must consider the entire presence of the car in that highway, after the expiration of ten minutes, as a continuous violation of the statute. In our view of the evidence however, that point is unimportant, as we consider the evidence conclusive that the planked crossing for teams

and vehicles was obstructed that evening for at least twenty-five minutes.

The evidence does not support the verdict. The judgment is therefore reversed and the cause re-manded.

*Reversed and remanded.*