JESSE E. HOFFMAN et al. Appellants, vs. E. W. STEPHENS
et al. Appellees.

*Opinion filed October 27, 1915.*

1. EVIDENCE—*when party should be permitted to testify to conversations.* A competent witness who has testified to certain facts connected with the execution and delivery of a deed and to the change in the name of the grantee should be permitted to testify to conversations with the substituted grantee, some of which were competent as part of the *res gestæ* and others as declarations in disparagement of title.

2. EJECTMENT—*when plaintiff in ejectment need not prove that the defendants sued were in possession.* Where the declaration in ejectment does not show that any person other than the defendants sued was in possession and there is no sworn plea denying possession, it is not necessary that the plaintiff prove possession by the defendants sued.

3. SAME—*what makes a prima facie case.* Plaintiffs in ejectment who prove that a certain person was in possession of the land claiming to be the owner under a deed and introduce in evidence his will devising the land to them make a *prima facie* case, and they are not required to prove title from the government or from a common source as against the defendants, who show no better title.

4. SAME—*judgment cannot be rendered in favor both of the executors and the heirs.* An action of ejectment concerns the legal title, only, and in case the executors and the heirs are parties plaintiff the judgment must be in favor of either the executors or the heirs, according to which has the legal title, but it cannot be in favor of both.

5. SAME—*when testimony taken in former trials is admissible.* Testimony taken in former trials in an ejectment suit is admissible in another trial where the witnesses are dead or beyond the jurisdiction of the court; and this is true even though the testimony on the different trials may be contradictory, as that fact goes merely to the weight of the evidence; but the testimony of a witness in a former trial should not be admitted if he is living and is not shown to be beyond the jurisdiction of the court.

6. INSTRUCTIONS—*an instruction as to effect of impeachment should not name the witness.* An instruction stating the right of the jury to disregard the uncorroborated testimony of a witness who has been impeached should not designate the witness by name, even though he is the only witness whose reputation for

truth is attacked, where there are other witnesses in the case who were contradicted, as a witness may be impeached by contradictory evidence as well as by proof of bad reputation.

7. SAME—*correct instruction, if irrelevant to any issue, should not be given.* An instruction which is not relevant to any issue in the case ought not to be given, even though it states a correct proposition of law.

8. APPEALS AND ERRORS—*rules of law decided on former appeal are conclusive.* Rules of law decided on appeal in an action of ejectment are conclusive on a second appeal in the same case and will not be reconsidered.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

SAMUEL C. DOOLEY, and JESSE E. HOFFMAN, for appellants.

DEMANGE, GILLESPIE & DEMANGE, and CHARLES M. PEIRCE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This case was before this court on a former appeal. (*Stephens* v. *Hoffman,* 263 Ill. 197.) There has been a new trial and another judgment against the defendants, from which they have again appealed.

Frank Gillespie, who was held on the former appeal to be a competent witness, testified on the last trial to certain facts and circumstances connected with the execution and delivery of the deed and the change of the name of the grantee. He was asked to tell certain conversations with William Stephens relating to the transaction, but upon objection of the appellees was not permitted to do so. This was error. He was a competent witness in the case and the appellants were entitled to his testimony upon any facts relevant to the issue of which he had knowledge. The statements of William Stephens made during the progress of the transaction were competent as a part of the *res gestæ,*

and his statements made afterwards were competent against his successors in title as declarations in disparagement of his own title.

It is insisted that it appears in the declaration that the premises were in the actual possession of a tenant other than the three defendants; that such tenant in actual possession was a necessary party and was not made party to the suit. The declaration names Hoffman, Dooley, Johnson and . . . . . . . . . . defendants, and in two counts alleged that the defendant . . . . . . . . . . afterwards entered into the said tenements, and the defendants Hoffman, Dooley and Johnson claim to be the owners and collected the rents from the defendant, etc. This does not show that any person other than the defendants named was in possession of the premises. There was no sworn plea denying possession, and under the statute it was therefore not necessary for the plaintiffs to prove that the defendants sued were in possession of the premises.

Frank Gillespie, a former street railway employee, who was the original grantee in the deed, testified on the trial. Witnesses testified that his reputation for truth and veracity was bad, and the court instructed the jury that if they believed, from the evidence, that the witness Frank R. Gillespie had been successfully impeached on the trial or had knowingly sworn falsely as to anything material to the issue the jury were at liberty to disregard his entire testimony unless corroborated. It was error to give this instruction referring to the witness by name. Though he was the only witness whose reputation was attacked he was not the only witness who was contradicted, and the rule laid down ought to have been made applicable to all the witnesses in the case in the same situation. A witness may be impeached by contradicting him as well as by proof of his bad reputation. To give an instruction of this kind, naming a particular witness, has a tendency to lead the jury to believe such witness, in the court's judgment, is not entitled to credit.

Objection is made to the following instruction given for the appellees:

"That in an action of ejectment prior peaceable possession of the plaintiffs claiming to be the owners in fee, if proved, is *prima facie* evidence of ownership and seizin and is sufficient to authorize a recovery unless the defendants show a better title."

This instruction stated a correct rule of law. *Krause v. Nolte,* 217 Ill. 298; *Chicago Terminal Transfer Railroad Co. v. Winslow,* 216 id. 166.

It is urged on behalf of appellants that the appellees failed to prove title from the government or from a common source. They showed that William Stephens was in possession of the land claiming to be the owner and introduced his will in evidence. This, under the authorities just cited, made a *prima facie* case, and it was not necessary for them to prove title from the government or from a common source as against the appellants, who showed no better title.

Objection is made to an instruction given for the appellees, to the effect that William Stephens' possession in his lifetime was notice to all the world of his rights in the premises. This instruction, while stating a correct rule of law, was irrelevant to any issue in the case and ought not to have been given.

The plaintiffs are all the heirs of William Stephens and the executors of his will. By his will, which was introduced in evidence, he directed that the premises involved in this suit, with other real estate, should be sold by his executors and the proceeds divided among certain of his heirs. Judgment was rendered in favor of all of the plaintiffs. The action of ejectment concerns the legal title, only. If the legal title was in the executors, then there was no right of recovery in the heirs; if it was in the heirs, there was no right of recovery in the executors. The question whether recovery should be in favor of the executors or

of the heirs has not been argued and we do not decide it. The judgment cannot properly be rendered in favor of all.

Cross-errors have been assigned by the appellees on the action of the court in permitting the appellants to read the deposition of William L. Peeler, and they have argued this question as well as the competency of the witness Gillespie. These questions were both decided on the former appeal, and cannot, therefore, be again considered. The rules of law announced by an appellate court in the decision of an appeal or writ of error are conclusive upon a second appeal in the same case. *In re Estate of Maher*, 204 Ill. 25; *Newberry* v. *Blatchford*, 106 id. 584.

The appellees have also assigned cross-errors on the action of the court in permitting the appellants to introduce the evidence of Ben W. Mason and Charles A. Marshall given on the trial of a former suit brought by Gillespie against the executors of William Stephens' will. Mason had died, and it was proper to prove his testimony taken in the Gillespie case, under the decision in the former appeal. This evidence was in the same situation as the deposition of Peeler. It is objected that Mason testified another time in the Gillespie case and twice in the present case and that his testimony on these different occasions was contradictory. This fact did not affect the competency of the testimony given on any of these occasions. Either party had the right to introduce the testimony given at any or all of these trials, and the question of its consistency went only to the weight of the evidence. Marshall's testimony, however, should not have been admitted. He was living, and it was not shown that he was beyond the jurisdiction of the court. No reason is given why his presence might not have been secured at the trial or his deposition taken.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*