(No. 30438.

MARTHA GEORGE *et al.*, Appellants, *vs.* LEWIS D. MOOR-HEAD *et al.*, Appellees.

*Opinion filed March 18, 1948.*

JAMES A. DAYTON, of Chicago, for appellants.

BECKMAN, HEALY, NEWBY & HOUGH, and RICHARD E. KROPF, both of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The appellants filed a complaint in the superior court of Cook County to contest the will of H. C. Berthold Wetstone, deceased, based upon two grounds, lack of testamentary capacity and undue influence. The will was dated September 25, 1941. The decedent died January 10, 1944, and the will was admitted to probate on March 16, 1944. The will contest was filed on December 14, 1944. The complaint is in the usual form, the material allegations of which were denied by the answer. The principal beneficiary was the defendant Dr. Lewis D. Moorhead who was no relative of decedent. All of the contestants and appellants are second cousins of the deceased.

Before the will contest came to a hearing, a controversy arose in the probate court under a petition to determine the heirship of the deceased, which was finally decided in the Appellate Court, and the appellants were determined to be the heirs-at-law of the decedent, reversing the decision of the circuit court where the case had been heard on appeal from the probate court. (*In re Estate of Wetstone*, 329 Ill. App. 533.) While the proceeding as to heirship was pending in the Appellate Court, the

superior court dismissed the will contest on the ground that the circuit court had made a finding in the heirship case that appellants were not the heirs-at-law and next of kin of the deceased, and had no contestable interest. That decision was reversed by the Appellate Court in *George* v. *Moorhead,* 330 Ill. App. 156, and the cause was remanded for a new trial, after which the cause was heard by the superior court without a jury, and is now here on appeal from a decree dismissing the cause.

To sustain their allegations the plaintiffs offered a portion of the defendants' answer, in which it was alleged that decedent had often stated that the defendant Moorhead was his only living relative, the theory of appellants being that this was evidence that the decedent did not know the natural objects of his bounty. They then offered in evidence the testimony of witnesses heard in the heirship proceeding. By stipulation of the parties the abstract in the Appellate Court instead of the transcript was offered. An objection was made as to the materiality of the evidence, but not to the manner in which it was presented to the court. The court held that the former testimony of the witnesses in the heirship proceeding was not relevant or competent testimony in the will contest. Thereupon, after formal offer of the testimony contained in the transcript, and objection by the appellees, the court sustained the objection, and the plaintiffs elected to offer no further evidence. Whereupon the bill of complaint was dismissed. The pleadings disclose that real estate is involved, giving us jurisdiction on direct appeal.

There was insufficient evidence, without the matter contained in the transcript, to justify a court setting aside the will on any ground, and therefore the only question involved in this case is: Was the evidence contained in the transcript of the heirship proceeding relevant in the will contest, and, if relevant, was a proper foundation laid to admit it?

The general rule, which seems to be supported by all of the authorities, is that the evidence given by a witness in a previous action is relevant for the purpose of proving the matters stated in a subsequent proceeding, or in a later stage of the same proceeding, when the witness is dead, or is insane, or is so ill that he will probably never be able to travel, or is kept out of the way by the adverse party, and in some States when he is out of the jurisdiction of the court, provided there be identity of parties and issues in the former proceeding and the later. (Greenleaf on Evidence, sec. 163; Elliott on Evidence, vol. I, sec. 495; Stephen's Dig. of Evidence, p. 194; Ency of Evidence, vol. 5, p. 895 *et seq.;* Jones on Evidence, vol. 2, secs. 336-342.) The rule as to admissibility is the same whether the basis of the offer be that the former witness is dead, or insane, or otherwise comes within the exceptions, so cases involving any of such grounds are equally pertinent, whether it be the precise one urged in this case.

In *McInturff* v. *Insurance Co. of North America,* 248 Ill. 92, the rule is examined in the case of the testimony of a deceased witness, in the following language: "There is a general agreement of authorities that evidence given on a former trial of the same action, or a former action involving the same issues between the same parties, is admissible if it be established that the witness is dead. [Citations.]" And in *London Guarantee and Accident Co.* v. *American Cereal Co.* 251 Ill. 123, the rule is again discussed with reference to a deceased witness. After further examination of the question, we said: "It may therefore be regarded as the settled law of this State that in order to render the testimony of a witness in a former action admissible in a subsequent action on the ground that the witness has died since giving his testimony, it must appear that both actions involved the same issue between the same parties or their privies, and the fact that the party against whom the testimony is offered in

the subsequent action was a party to the former action and had full opportunity to cross-examine the witness does not necessarily render the testimony admissible."

It is clear that the former testimony of a deceased witness is only competent if it comes within the limitations above pointed out. The rule would, of course, exclude the former testimony of a witness still alive and capable of being subpoenaed as a witness, and it has been said: "No case is within our knowledge where the former testimony of a witness who is present and testifies in the case is allowed to be given in evidence except for the purpose of contradiction." (*Campbell* v. *Campbell,* 138 Ill. 612; *Cook* v. *Stout,* 47 Ill. 530.) To make the former testimony of any witness competent in a later case, he must be either dead, insane, under restraint by the adverse party, or otherwise come under the rule. (*Cook* v. *Stout,* 47 Ill. 530; *Letcher* v. *Norton,* 4 Scam. 575.) In any event the testimony of an absent witness in a former proceeding is only admissible in a subsequent suit, provided the matter in issue and the parties are essentially the same in both causes. *Hoffman* v. *Stephens,* 269 Ill. 376.

The general rule that the declarations of third persons are hearsay, and that the admission of former testimony is one of the exceptions, requires a foundation to be laid for receiving such testimony. In the instant case the plaintiffs offered the transcript of the former hearing to establish that the deceased had on several occasions said he had no relatives, or that he had no relatives other than Dr. Moorhead, and similar statements, for the purpose of showing that he did not have testamentary capacity, in that he did not know the natural objects of his bounty. No offer was made to show that the witnesses whose evidence was contained in the transcript were dead, or insane, or kept away by the adverse parties, or of facts showing any other exception to the rule against its admissibility. Under such circumstances, the court properly sustained

an objection to the relevancy of the testimony, as it was clearly incompetent under substantially all of the authorities, because, being one of the exceptions to the admissibility of hearsay testimony, it must come within the reasons advanced for the rule.

We have no means of knowing whether the parties to the two suits were the same, other than that the title contained in the transcript in the Appellate Court in the heirship proceeding, and the title of the present cause appear to be the same, but it does appear that the issues involved in the two cases are radically different. Under sections 57 and 58 of the Probate Act, (Ill. Rev. Stat. 1947, chap. 3, pars. 209 and 210,) it is provided, in substance, that courts of probate jurisdiction are authorized to ascertain and declare the heirship of any decedent, to be entered of record at any time during the administrative proceedings, and to enter an order which will be *prima facie* evidence of such heirship, but that any other legal method of proving heirship may be resorted to by any party interested therein, in any place or court where the question may arise, and we have held that although there is a declaration of heirship, yet such finding will not preclude any other legal evidence on such issue in a will contest. *Prescott* v. *Ayers,* 276 Ill. 242.

The object of the heirship proceeding is to find upon whom the law would cast the estate in case the party died intestate. The issue in a will contest is to determine whether the paper produced is the will of the deceased. The reasons why it may not be the will may be undue influence, lack of testamentary capacity, fraud, duress, or other grounds which prevent the actual will of the testator becoming effective. It seems that the issues in the two types of cases are quite different, and this would be an objection to the admission of the testimony of former witnesses, unless offered by way of impeachment.

We might remark that even though the testimony were

received it would not have had the effect claimed by appellants. One of the issues in a will contest is to show that the testator did not have the capacity to know the natural objects of his bounty when he made the will. (*Down* v. *Comstock,* 318 Ill. 445.) To make a valid will it is not necessary that the testator actually knew, or recalled, the natural object of his bounty, but, as we have stated, whether he had the capacity to know it, (*Challiner* v. *Smith,* 396 Ill. 106,) and, for this reason, the testimony, even if the witness himself were produced, would not be relevant. In the present case where no offer was made to show that the former witness is dead or insane, or kept out of the way by the opposite party, and where the testimony if admitted, would not prove, or tend to prove, lack of testamentary capacity, no proper ground for the admission of the former testimony has been shown by appellants.

Under these conditions the action of the superior court in sustaining the objection to such testimony was correct. The other evidence in itself was wholly insufficient to establish *prima facie* the invalidity of the will, and the objection to the evidence offered being properly sustained by the trial court, its decree in dismissing the suit must be affirmed.

*Decree affirmed.*